UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITE HERE LOCAL 26, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-10174-PBS |
| THE TAJ HOTEL BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION ON MOTION TO CONFIRM AND ENFORCE ARBITRATION AWARD

July 6, 2010

DEIN, U.S.M.J.

## I.  INTRODUCTION

On November 2, 2006, the plaintiff Unite Here Local 26 (the "Union") filed a

grievance challenging the decision of the Ritz Carlton Hotel (the "Ritz Carlton") to

terminate the employment of Jean Franz Baptiste ("Baptiste").  While the grievance was

pending, the Ritz Carlton was purchased by the defendant, the Taj Boston (the "Taj"),

which assumed the Ritz Carlton's obligations under its collective bargaining agreement

with the Union.  Baptiste's grievance was brought to arbitration, and on January 12,

2008, the arbitrator ruled that there was "no just cause" for Baptiste's discharge, and that

Baptiste "shall be re-instated forthwith to employment by the Taj Boston Hotel and shall

be made whole for all benefits lost including back pay less interim, outside earnings and

other appropriate deductions."  (Petition to Enforce Arbitration Award ("Pet.") (Docket No. 1) at Ex. A).

Baptiste has been reinstated but a dispute has arisen between the Taj and the Union concerning how much the Taj owes in back pay.  Specifically, the parties disagree as to what amount of Baptiste's "outside earnings" should be deducted from the amount due from the Taj.  The Union's attempts to negotiate a resolution of this dispute with the Taj were unsuccessful, as were its efforts to have the matter addressed further by the original or a new arbitrator.  Therefore, the Union commenced the instant action on February 4, 2010 by filing a Petition to Enforce Arbitration Award.

The Union has filed a "Motion to Confirm and Enforce Arbitration Award" (Docket No. 2) pursuant to § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  By this motion, the Union is asking the court to confirm the arbitration award and to remand the calculation of back pay to the original arbitrator, or calculate the back pay award itself.  The Taj has filed a document entitled "Defendant's Motion to Dismiss Petition to Enforce Arbitration Award or, in the Alternative, Opposition to Petition to Enforce Arbitration Award" (Docket No. 10), which it has asked the court to treat either as a motion to dismiss the Union's petition pursuant to Fed. R. Civ. P. 12, or as an opposition to the Union's motion to enforce the arbitration award.  Under either scenario, the Taj requests that this court refuse to reopen the issue of back pay and reject the Union's request to remand the matter.

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Union's motion be ALLOWED, and that the back pay calculation be REMANDED to the original arbitrator.  To the extent that the Taj's pleading is deemed a motion to dismiss, it should be DENIED.

## II.   STATEMENT OF FACTS

### The Award

The following facts are derived from the arbitrator's award of January 12, 2008 (Pet. at Ex. A ("Award")) and, unless otherwise indicated, are not in dispute.

Jean Frantz Baptiste[1] was hired by the Ritz Carlton on August 25, 1998 as a kitchen utility worker.  (Award at 1).  Baptiste was covered by the Ritz Carlton's collective bargaining agreement.  On October 27, 2006, Baptiste's employment was terminated by the Ritz Carlton because of an alleged theft of alcohol from a service bar area.  (Id.).  Shortly thereafter, on November 2, 2006, the Union grieved his termination.  (Id. at 2).

While the grievance was pending, the Ritz Carlton hotel property was sold to the Taj Boston and the Taj agreed, effective January 11, 2007, to assume all obligations arising under the collective bargaining agreement between the Ritz Carlton and the Union "accruing from and after the Closing Date and make offers of employment to all Local

---

[1]  The arbitrator refers to the grievant as Mr. "Baptist," but the appropriate spelling, which shall be used herein, appears to be "Baptiste."

26-represented employees, without loss of seniority under the wages, benefits, and terms and conditions of the CBA . . . ."  (Id.).

After the purchase and sale transaction was completed, the grievance was processed and the Union informed the Taj that it was moving the grievance to arbitration. (Id.).  The American Arbitration Association ("AAA") notified the Taj and the Union that the demand for arbitration had been received and that Lawrence T. Holden, Jr. had been appointed as the arbitrator (the "Arbitrator").  (Id.).  The Taj participated in the selection of the date of November 5, 2007 for the arbitration, and paid the arbitration fee.  (Id. at 2-3).  Nevertheless, at 5:19 p.m. on the last business day before the November 5th hearing, the Taj notified the AAA that it did not believe that it was a proper party to the hearing and would not attend.  (Id. at 3).  The Arbitrator was unsuccessful in changing the Taj's position, and the arbitration went forward on November 5, 2007 without the participation of the Taj, as permitted under the arbitration rules.  (Id.).  After considering the testimony and evidence from the Union, Arbitrator Holden made the following award:

> The Taj Boston Hotel is a party to this proceeding.
> There was no just cause for the discharge of Jean Frantz Baptiste.
> He shall be re-instated forthwith to employment by the Taj Boston
> Hotel and shall be made whole for all benefits lost including back
> pay less interim, outside earnings and other appropriate deductions.

(Id. at 9).

### Events Following the Award

On or around January 21, 2008, the Taj reinstated Baptiste to his previous position. (Declaration of Emma Ross in Support of Motion to Confirm and Enforce Arbitration Award (Docket No. 4) ("Ross Declaration") at ¶ 2).  Baptiste continues to work at the Taj.  (Id.).  On January 23, 2008, the Union, through its attorney, informed the Taj's attorney that it had calculated the back pay owed to Baptiste.  (Id. at Ex. 1). While Baptiste was working at the Taj he was also working a second job.  (Id. at ¶ 5). After his termination from the Taj, Baptiste increased his hours at the second job.  (Id.). It was the Union's position that only the additional earning that Baptiste had made from his increased hours at his second job should be deducted from his back pay award.  (Id.). Therefore, the Union calculated that Baptiste was owed $32,688.00 ($37,776.00 he would have earned at the Taj, less $5,088.00 earned at the second job).  (Id. at ¶ 3, Ex. 1). The Taj disagreed, however, and deducted from its back pay obligations all amounts Baptiste had made at his second job (at least $37,109.18), thereby concluding that Baptiste was not owed any back pay.  (Id. at ¶ 4, Ex. 2).

The Union and the Taj were unable to resolve their dispute over the amount of back pay owed to Baptiste.  The Union sought to move the case back to arbitration, but the Taj objected to the Arbitrator asserting jurisdiction over the dispute.  (Id. at ¶¶ 6-7). On June 28, 2008, Arbitrator Holden ruled that he could not resolve the back pay dispute because he "did not retain jurisdiction so [he] cannot resolve this dispute without the

consent of both parties.  Reopening does not apply because that is something that occurs prior to an award not after."  (Id. at ¶ 8, Ex. 4).

On July 1, 2008, the Union filed a grievance under the collective bargaining agreement.  (Affidavit of Terence P. McCourt ("McCourt Aff.") (Docket No. 12) at Ex. A).  Therein the Union alleged that the Taj was in violation of the Arbitrator's decision "to make Jean Baptiste whole in every way."  (Id.).  There was a dispute over whether this issue was arbitrable.  (See id. at Ex. C).  On September 19, 2008, Arbitrator Robert M. O'Brien ruled:

> I agree with the Taj Hotel that the threshold issue of whether the grievance filed by UNITE HERE Local 26 is arbitrable under the collective bargaining Agreement is a judicial determination that must be decided by a court.  Therefore, I respectfully decline to take jurisdiction of the grievance that was presented to the Taj Hotel on July 3, 2008.

(Id. at Ex. E).  Subsequent negotiations between the Union and the Taj were unsuccessful.  The Union commenced this action on February 4, 2010.

Additional factual details relevant to this court's analysis will be discussed below.

## III.  ANALYSIS

### A.    Scope of the Record

As an initial matter, the Taj suggests that it is an open question whether its pleading should be considered an opposition to the Union's petition to confirm and enforce the arbitration award, or as a motion to dismiss pursuant to Fed. R. Civ. P. 12. (See Def. Mem. (Docket No. 11) at 2).  It then suggests that if its pleading is considered a

motion to dismiss, the court should "exercise its discretion" and take judicial notice of documents related to the July 1, 2008 grievance between the parties.  (Id. at 4 n.2).  In particular, the Taj contends that it is relevant to this court's analysis that, after Arbitrator Holden refused to assess the amount of back pay due Baptiste, the Union filed a grievance, and took the position that the matter was grievable.  (Id.).

In this case it is not necessary to analyze the relationship between proceedings under § 301 of the LMRA and motion practice under the Federal Rules of Civil Procedure.  It is undisputed that both parties have presented the same issue to the court, and neither party has objected to the submission of additional evidence by the other.  (See Pl. Reply Mem. (Docket No. 14) at 15).  Therefore, this court will consider all of the evidence presented in making its recommendation.  See Mass. Nurses Ass'n v. N. Adams Reg'l Hosp., 467 F.3d 27, 31 (1st Cir. 2006) (objection to motion to enforce arbitration award decided in connection with a Rule 12(c) motion for judgment on the pleadings, with consideration of additional materials referred to in the pleadings).  See also Locals 2222, 2320-2327, Int'l Bhd. of Elec. Workers v. N.E. Tel. & Tel., 628 F.2d 644, 652 n.10 (1st Cir. 1980) (hereinafter "Local 2222") (where company had the opportunity to fully address the merits of the Union's request that the court remand an arbitration award to the original arbitrator for clarification of the amount due, fact that company had filed a motion to dismiss under Fed. R. Civ. P. 12(a) and not a "responsive pleading" was irrelevant and company was not entitled to further briefing).

### B.    The Union's Motion to Enforce the Award is Appropriate

The Taj's principal defense to the Union's efforts to resolve the back pay dispute is that the suit is untimely.  To reach that conclusion, the Taj argues that the Union should have brought a motion to compel arbitration, which is governed by a six-month statute of limitations, or this action should be deemed a motion to vacate or modify an arbitration award, which the Taj contends is governed by a 30-day statute of limitations.[2]  These arguments are without merit.  The Union, by filing a petition to enforce the arbitration award, has proceeded in accordance with the directive of the First Circuit in Local 2222, and the suit is timely.

In Local 2222, an arbitrator concluded that an employee had been discharged without cause, and ordered that "[h]e should be reinstated with full seniority and should be made whole for his loss of earnings since April 1, 1977."  Local 2222, 628 F.2d at 645.  A dispute arose between the parties as to the proper calculation of back pay, specifically whether overtime ought to be included.  Id. at 645 n.2.  The union filed a complaint with the District Court pursuant to § 301 of the LMRA, in which it requested

---

[2]  Federal courts in labor arbitration cases borrow the forum state's law regarding the period in which to seek judicial review.  See Local 2322, Int'l Bhd. of Elec. Workers v. Verizon N.E., Inc., 464 F.3d 93, 96 (1st Cir. 2006) (hereinafter "Local 2322").  Under Massachusetts law, motions to the arbitrator to modify or correct an award, or to "clarify or correct an award which is so indefinite or incomplete that it cannot be performed" are to be brought within 10 days after the award is delivered to the applicant, see Mass. Gen. Laws ch. 150C, § 8, and motions to the court to vacate an award are to be brought within 30 days after the award is delivered to the applicant.  Id. at § 11(b).  Nevertheless, the Taj and some cases refer only to a 30 day period.  See Local 2322, 464 F.3d at 97 ("an action to vacate or modify an award" must be brought within 30 days in Massachusetts).  Further analysis as to the appropriate statutory period is not necessary here.  As detailed below, no shortened limitation period applies here.  Rather, this case involves an application to confirm an award, which has no statutorily defined limitations period.  See Mass. Gen. Laws ch. 150C, § 10.

that the matter be remanded to the original arbitrators, and the company moved to dismiss the complaint.  Id. at 645.  The court ruled in favor of the union and remanded the action to the original arbitrators for a calculation of back pay.  Id. at 651.  The same result should be reached here.

The Local 2222 court concluded that an action to clarify the amount of back pay due is "characterized as one to enforce or confirm an arbitration award."  Id. at 651. Thus, the Court held, the union would be "following a well trodden path" if it "framed its present section 301 action as one for enforcement of the award, and then once it became clear (as was already known) that the amount of back wages could not be discerned from the face of the award and was a source of dispute between the parties moved for remand of the back pay issue to the original arbitrators."  Id.  This is precisely the path that the Union has taken in the instant case, and it was the appropriate one.[3]

In Local 2222, the court rejected the same position the Taj has taken here, namely, that the Union should have moved to compel arbitration after the arbitrator declined to hear the matter.  (See Def. Mem. at 6).  As the Court ruled in that case:

---

[3]  The Taj argues that the court should not "confirm" the award because it did not breach the award so there is no basis for court involvement.  (See Def. Mem. at 9-10).  See also Derwin v. Gen. Dynamics Corp., 719 F.2d 484, 490 (1ˢᵗ Cir. 1983) (where union "does not seek resolution of a concrete dispute between the parties" court refuses to "confirm" the award).  In the instant case, however, there is a definite dispute as to whether the Taj has violated the award by failing to pay Baptiste the amounts ordered.  This case falls within the "typical wrongful discharge situation where the parties have failed to agree on the back pay provision of the arbitrators' reinstatement order" and the union "seeks to break the impasse by commencing a section 301 action for enforcement of the award."  Local 2222, 628 F. 2d at 651, and cases cited.

To require the Union to invoke the "time-consuming and burden-
some grievance process again" in order that the parties might resolve
the remnants of a dispute which has already once traveled that route
would seriously undermine the chief policies underlying resort to
those procedures in the first instance: the speedy, flexible and
inexpensive resolution of labor disputes.  [*United Steelworkers of
America, AFL-CIO-CLC v. Interpace Corp., Shenango China Div.*,
447 F. Supp. 387, 392 (W.D. Pa. 1978)].  "The purpose of
arbitration is to resolve disputes, not to create new ones."  *Bell
Aerospace Co. v. Local 516*, 500 F.2d 921, 924 (2d Cir. 1974).  The
grievance arbitration procedures, "contracted for by the parties, were
never intended to force a grievant into the role of a modern day
Sisyphus," *Staffman's Organizing Committee v. Steelworkers*, 399 F.
Supp. 102, 106 (W.D. Mich. 1975), and in the circumstances
presented we affirm the decision below not to require the Union to
run the entire course again.

Local 2222, 628 F.2d at 649.  Similarly, in the instant case there is no basis for

concluding that the Union should have moved to compel arbitration and started the entire

process again.

        The fact that the Union, faced with Arbitrator Holden's refusal to address the

computation dispute without the Taj's consent, elected to file another grievance does not

compel a different result.  The Union was not somehow bound by its position that the

matter should be resolved through further arbitration.  The fact that the Union was forced

to explore alternatives arose solely from the Taj's efforts to block any consideration of

the merits of the disagreement.  Moreover, the fact that the Union went down one path

which proved fruitless (due to the Taj's challenge to the second arbitrator's jurisdiction)

does not mean that it was precluded from following the procedure sanctioned by the First

Circuit in Local 2222.

-10-

Similarly unsupportable is the Taj's contention that the Union is really seeking to vacate or modify the original award by adding qualifying language to the award, and that it should have brought a motion to vacate or modify within 30 days of the issuance of the original award in accordance with a Massachusetts statute governing motions to modify or vacate an award.  (See Def. Mem. at 8; note 2, supra).  Again, this argument was rejected by the Local 2222 court and should be rejected here.  The Union is not seeking to modify the award.

In Local 2222, the court refused to apply the limitation period in the Massachusetts statute governing motions to modify or correct an arbitration award.  Local 2222, 628 F.2d at 650.[4]  Rather, the court found that such a statute, with a short statute of limitations, related to "defects more immediately discoverable from the face of the previously entered award" and not to disputes as to what was included in common awards requiring that the employee be made "whole for all benefits lost including back pay less interim, outside earnings and other appropriate deductions."  See id. at 650-51 (awards commonly use phrases such as the employee must be "made whole for his loss of earnings" or should recover all "moneys lost by virtue of the improper layoff" and awards need not spell out the computation of such damages).  Thus, in Local 2222, the need to

---

[4]  While the court in Local 2222 referred to the 10 day statute of limitations in Mass. Gen. Laws ch. 150C, § 8 relating to motions to modify or correct an award, and the Taj cites to the 30 day period for filing motions to vacate an award found in Mass. Gen. Laws ch. 150C, § 11(b), the rationale of the First Circuit in refusing to apply a shortened limitations period to what is in effect a motion to confirm an award defeats application of either shortened period.

clarify the amounts due for back pay was not the equivalent of adding qualifying language and thereby modifying the award.  Similarly, in the instant case, the Union is not seeking to modify the award, and is not bound by a shortened statute of limitations.

### C.    <u>Timeliness of Motion to Confirm and Enforce</u>

The Taj argues that if the court will not apply the shortened limitations period for motions to modify or vacate the award, this court should apply the one year statute of limitations period used by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  (<u>See</u> Def. Mem. at 10-11).  That argument is without merit as well.

The petition to confirm and enforce Baptiste's arbitration award is brought under § 301(a) of the LMRA, 29 U.S.C. § 185.  Federal courts look to the FAA, 9 U.S.C. § 9, for guidance in interpreting the LMRA.  <u>See</u> <u>Providence Journal Co. v. Providence Newspaper Guild</u>, 271 F.3d 16, 19 n.3 (1st Cir. 2001), and cases cited.  However, while the FAA "may be consulted in the formulation of federal substantive law" it "is not binding in cases arising under section 301."  <u>Derwin</u>, 719 F.2d at 488.  In the case of assessing the timeliness of a § 301 suit, it is well established that the timeliness "is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations."  <u>United Auto. Workers of Am. v. Hoosier Cardinal Corp.</u>, 383 U.S. 696, 704-05, 86 S. Ct. 1107, 1113, 16 L. Ed. 2d 192 (1966).  In Massachusetts, the statute authorizing actions to confirm arbitration awards contains no time limitation.  <u>See</u> Mass. Gen. Laws ch. 150C, § 10.

The First Circuit has expressly rejected the argument raised by the Taj here, that the FAA's one year statute of limitations should apply to an action to confirm the arbitration award.  Derwin, 719 F. 2d at 485, 490 (rejecting "the company's suggestion that we fashion a uniform federal limitations period by borrowing the one-year provision of the federal arbitration act.").  Rather, while the issue has not been finally decided, the First Circuit has indicated that "the Commonwealth's 6-year limitations period for contract actions or its 20-year period for the enforcement of judgments" or an "unrestricted" period should apply.  Id. at 490 n.6.  In the instant case, the action to confirm was brought well within six years from the date of the original arbitration award.  Therefore, the present suit is timely.

**D.      The Matter Should Be Remanded to the Original Arbitrator**

"[I]t is firmly established within the federal labor law that a district court may, in the context of a section 301 proceeding, resubmit an existing arbitration award of the type here in issue to the original arbitrators for 'interpretation' or amplification."  Local 2222, 628 F.2d at 647.  Consequently, it is the "general rule" that where an arbitration award requires reinstatement and back pay, and the parties cannot agree on the amount of back pay, the matter should be remanded to the original arbitrator to clarify the award.  See Aluminum Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp., 991 F.2d 1545, 1549 (11th Cir. 1993).  Accord Coca- Cola Bottling Co., Consol., Inc. v. Int'l Bhd of Teamsters, Local 991, 506 F. Supp. 2d 1052, 1056-57 (S.D. Ala. 2007) (where the arbitrator "entered an award with a make-whole remedial component, and the parties have

-13-

been unable to agree on the computation of that make-whole remedy," court will follow "the normal course of action" which is "to resubmit this dispute to the original arbitrator to clarify the Award on this narrow point").

The fact that Arbitrator Holden believed he lacked jurisdiction to act to clarify the amount due without the parties' consent does not compel a different result.  Admittedly, "[t]he more traditional rule of common law arbitration is that when the arbitrators have executed their award and declared their decision they are 'functus officio' and, in the absence of the parties' consent, have no power to proceed further, even to the extent of interpreting their previously entered award." Local 2222, 628 F.2d at 647 n.5. Nevertheless, in § 301 actions, unlike other actions, the District Court has the jurisdiction to resubmit the matter to the original arbitrator.  Accord Local 2322, 464 F.3d at 98, and cases cited.  Thus, in the instant case the matter should be remanded to Arbitrator Holden for resolution of the amount of back pay due and owing Baptiste.

### E.   The Timeliness of The Taj's Challenge

The Union contends that the Taj cannot object to this action to confirm the Arbitrator's award because it did not seek to vacate or modify the award within 30 days. (Pl. Mem. (Docket No. 3) at 7).  Specifically, the Union relies on "the general rule that a party who fails to initiate an action to vacate or modify an award within the applicable state time limit – thirty days in Massachusetts, Mass. Gen. Laws ch. 150C, § 11(b) (2004) – is barred from asserting those claims as defenses to a later action to confirm." Local 2322, 464 F.3d at 97 (internal punctuation and quotation omitted).  However, for the

-14-

same reasons that the Union did not have to seek to vacate or modify the arbitrator's award, neither did the Taj.  The appropriate way to clarify the amount due to Mr. Baptiste is by way of an action to confirm the arbitrator's award, and a remand to the original arbitrator.  The Taj should not be penalized for failing to seek to vacate or modify the award.

## IV.   <u>CONCLUSION</u>

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the Union's Motion to Confirm and Enforce Arbitration Award (Docket No. 2) be ALLOWED and that the back pay calculation be REMANDED to the original arbitrator.  This court futher recommends that the Taj's Motion to Dismiss (Docket No. 10) be DENIED.[5]

   / s / Judith Gail Dein            
Judith Gail Dein
U.S. Magistrate Judge

---

[5]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  <u>See</u> <u>Keating v. Sec'y of Health & Human Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 604-605 (1st Cir. 1980); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>see</u> also <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  <u>Accord</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1, 3-4 (1st Cir. 1999); <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994); <u>Santiago v. Canon U.S.A., Inc.</u>, 138 F.3d 1, 4 (1st Cir. 1998).